VAN VOORHIS *v.* BOND.

EQUITY PLEADING—PRAYER FOR RELIEF—SUBROGATION.

Under a bill alleging that complainant loaned money to defendant with which to pay a mortgage, in reliance upon defendant's promise to execute a new mortgage to complainant for the amount advanced, asking, as specific relief, that defendant be required to execute such mortgage, but containing a prayer for general relief, a decree subrogating complainant, to the amount of his claim, to the rights of the holder of the mortgage prior to its discharge, is warranted.

Appeal from superior court of Grand Rapids; Burlingame, J. Submitted June 5, 1896. Decided June 30, 1896.

Bill by Henry Van Voorhis against Belle Bond to compel the execution of a mortgage. From a decree for complainant, defendant appeals. Affirmed.

*Ernest L. Martin* (*Lombard Bros.*, of counsel), for complainant.

*McKnight & McKnight*, for defendant.

MOORE, J. Complainant is a resident of the city of Grand Rapids, and in January, 1892, began to board and room at the house of defendant, and continued to do so for a period of about 22 months, at an agreed price of $5 per week. March 29, 1892, complainant loaned defendant $1,067, and received as security a note and mortgage for that amount, covering defendant's property. At this time and subsequently complainant and his wife, Florence M. Van Voorhis, were engaged in litigation which resulted in a decree of divorce, with alimony, being obtained by the latter. In making his settlement of alimony, complainant assigned to Mrs. Van Voorhis the Bond mortgage. This is a proceeding in chancery, complainant filing a bill in which he alleged that in June, 1894, Mrs. Van Voorhis threatened to foreclose the Bond mortgage, which, with unpaid interest, then amounted to $1,246; that at defendant's request complainant loaned Mrs. Bond $1,146 to aid her in paying the mortgage. He also alleges that when the loan was made Mrs. Bond told him she would execute to him a mortgage upon the same property for the amount of this loan. Complainant further alleged that he made several requests of Mrs. Bond for the execution of the mortgage as promised, but that she said she was about to sell the property, and could best dispose of it if unincumbered, and that she would pay him after the sale; that complainant's attorneys made two formal demands upon defendant to execute the mortgage as she had agreed to do, both of which were refused. The bill prays that Mrs. Bond be decreed to execute a mortgage to complainant for $1,146, with interest, that she be enjoined from disposing of or incumbering her property, and with a general prayer for relief.

Defendant answered complainant's bill, admitting the execution of the mortgage for $1,067, but alleged that

complainant agreed not to sell or assign the same, nor to place it upon record; that the mortgage was subsequently assigned to Mrs. Van Voorhis, and that complainant gave her $1,146 to aid in paying this mortgage; that the money was not a loan, but was in payment of what complainant owed her; that he had lived at her house upwards of 22 months, and that he was an old man, in feeble health, and demanded considerable care and personal attention; that it was agreed between them that the sum of $1,146 should be in payment of these claims. Defendant denied ever promising to give complainant a mortgage for this money, or that she was attempting to dispose of her property, and asked that the bill be dismissed.

Upon the trial of the cause, the circuit judge rendered a decree in favor of complainant, holding that upon the mortgage assigned to Mrs. Van Voorhis there was due $1,246, for the payment of which complainant loaned defendant $1,146; that complainant was entitled to that sum, less $440, the amount of 88 weeks' board at $5 per week, leaving a balance of $706 due complainant. Defendant was decreed to pay this sum, with interest from August 30, 1895, at the same rate as that of the original mortgage of March, 1892; that complainant should have a lien for $706, with interest, upon the property described in the mortgage, of the same nature, force, and effect as the lien held by Florence M. Van Voorhis prior to the discharge of her mortgage on May 31, 1894, and that complainant be subrogated to own and possess all the rights and equities formerly held by Mrs. Van Voorhis by virtue of that mortgage; that in default of payment complainant might foreclose said lien in the same manner as provided for in the mortgage. From this decree defendant appeals, and claims, among other things, that the bill sets up one theory, and that the decree was rendered upon an entirely different theory.

It is urged that, as complainant asks that defendant be required to execute a new mortgage, a decree subrogating

complainant to the rights held by Florence M. Van Voorhis was not warranted by the pleadings. A careful examination of the record shows that the proofs fully warranted the decree, and the only question to be disposed of is, were the pleadings in a condition to allow such a decree to be rendered? The stating part of the bill of complaint sets out the facts fully. This being so, we think it entirely competent, under the general prayer for relief, to render such a decree as was granted by the circuit judge.

The decree is affirmed, with costs of both courts.

The other Justices concurred.